UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRAULIO THORNE, ON BEHALF OF HIMSELF AND
ALL OTHER PERSONS SIMILARLY SITUATED,

|  |  |
|---|---|
| Plaintiffs, | **CONSENT DECREE** |
| -against- | Case No. |
| 11 TRADING COMPANY LLC, | 23-cv-775 (VSB) |
| Defendant. |  |

------------------------------------------------------------------------X

This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between Plaintiff Braulio Thorne ("Plaintiff") and Defendant 11 Trading Company LLC ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

1.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2.     On or about January 30, 2023, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges that Defendant's website, www.teac-usa.com, (the "Website"), is not fully accessible to individuals with disabilities in violation of Title

III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL").

3.     Defendant expressly denies that the Website violate any federal, state or local law, including the ADA, the NYSHRL, and the NYCHRL, that this Court is a proper venue, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

4.     This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

5.     This Consent Decree is entered into by Plaintiff, individually, but is intended by the parties to inure to the benefit of vision impaired individuals.

## JURISDICTION

6.     Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website that is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA, the NYSHRL, the NYSCRL and/or NYCHRL.

7.     This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8.     Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

9.     Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10.     Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 17 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website was a standalone business entity, or which efforts could result in a fundamental alteration in the

manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## TERM

11.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) 36 months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12.     Pursuant to the terms of this Consent Decree, Defendant:

a.      shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b.      shall seek to use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c.      shall seek to use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded,

denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

### COMPLIANCE WITH TITLE III OF THE ADA

13.    Web Accessibility Conformance Timeline: Defendant shall take appropriate steps as determined to be necessary with the goal of ensuring full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website, according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a.    Within twenty-four (24) months of the Effective Date, the Defendant shall use good faith efforts to improve the accessibility of its Website, if in existence, including by using the Web Content Accessibility Guidelines (WCAG) 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and/or Level AA standards to the extent determined to be applicable in such a manner so that the Website will be accessible to persons with disabilities.

b.    Defendant shall not be responsible for ensuring that third party content or plug-ins whose coding is not solely controlled by Defendant but are

DocuSign Envelope ID: 18CC0C84-B155-4C3A-8AD3-1AD0A7239C4A

Case 1:23-cv-00775-VSB   Document 14   Filed 05/16/23   Page 6 of 11

otherwise located on the Website or linked to/from the Website, are accessible or otherwise conform to WCAG 2.1 AA.

      c.     The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

      d.     If Defendant, in reasonably relying upon any of the foregoing, and despite having sought to use Reasonable Efforts, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

### PROCEDURES IN THE EVENT OF DISPUTES

14.    The procedures set forth in Paragraphs 15 through 17 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

15.    If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in

breach. The alleged breaching party must respond to such written notice of breach no later than 60 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

16.     If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 15, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website.

17.  There will be no breach of this Consent Decree unless: (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue by seeking to use Reasonable Efforts within a reasonable period of time of not less than 240 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a

reasonable time seeking to use Reasonable Efforts to remedy the items found not to be usable is longer than 240 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied by seeking to use Reasonable Efforts, Defendant shall not be obligated to remedy that item.

18.      Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

|  |  |
|---|---|
| For PLAINTIFF: | Jeffrey M. Gottlieb, Esq.<br>GOTTLIEB & ASSOCIATES<br>150 East 18th Street, Suite PHR<br>New York, New York 10003<br>Email: nyjg@aol.com<br>Tel: 212.228.9795 |
| For DEFENDANT: | David A. Robins, Esq.<br>RUSKIN MOSCOU FALTISCHEK, P.C.<br>1425 RXR Plaza<br>Uniondale, New York 11556<br>Email: drobins@rmfpc.com<br>Tel: 516.663-6600 |

## ENFORCEMENT AND OTHER PROVISIONS

19.      The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York and applicable federal law.

20.      If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be

deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

21. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision or other disabilities as defined by the ADA, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

22. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

22. This consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the parties. This consent Decree is signed freely by each party executing it. The parties each had an opportunity to consult with their counsel prior to executing the Consent decree.

Plaintiff:

Dated: May 11, 2023 _____

Braulio Thorne

Defendant:

Dated: 5/15/23 _____

11 Trading Company LLC

9

DocuSigned by:

Paul Jacobs

By: 5EC869571AD54CB...

Print Name: PAUL JACOBS

Title: PRESIDENT

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

4) The Court's jurisdiction over this matter shall continue for 36 months; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

This agreement does not bind the Court or any of its personnel. I will retain jurisdiction only over the terms and conditions of this Consent Decree. The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all remaining dates, and close this case.

**SO ORDERED.**

Dated: May 16, 2023
New York, New York

Vernon S. Broderick
United States District Judge